IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-164-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DEWAYNE CORNELIUS MELVIN, | ) |
| | ) |
| Defendant. | ) |

On April 26, 2021, Dewayne Cornelius Melvin ("Melvin" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 79]. As explained below, the court denies Melvin's motion.

I.

On October 6, 2008, pursuant to a written plea agreement, Melvin pleaded guilty to distribution of 50 grams or more of cocaine base (crack). See [D.E. 1, 22, 23]. On April 21, 2009, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 38, 39]. The court calculated Melvin's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Melvin to 327 months' imprisonment. See [D.E. 39] 2.

On November 17, 2011, December 15, 2011, August 17, 2012, and October 8, 2013, Melvin moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the Sentencing Guidelines [D.E. 42–44, 48]. On December 23, 2013, the court denied Melvin's motions [D.E. 51].

On May 14, 2015, Melvin moved for a sentence reduction under section 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 53]. On September 28, 2017, the court declined to reduce Melvin's sentence [D.E. 58].

On January 30, 2019, Melvin moved pro se for relief under section 404 of the First Step Act, 132 Stat. at 5222 [D.E. 59, 60]. On January 27, 2020, Melvin, through counsel, supplemented his motion [D.E. 63]. On May 6, 2020, the court denied Melvin's motions [D.E. 68, 69]. Melvin appealed [D.E. 73]. On December 29, 2020, the United States Court of Appeals for the Fourth Circuit affirmed the court's denial. See United States v. Melvin, 832 F. App'x 211, 211–12 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 76, 77].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th

---

> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Melvin contends that he submitted a compassionate release request to the warden but received no response. See [D.E. 79]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Melvin's claim on the merits.

Melvin seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Melvin cites his hypertension, kidney disease, and hernia. See [D.E. 79].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Melvin states that he

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

suffers from hypertension, kidney disease, and a hernia, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Melvin serves his sentence. Accordingly, reducing Melvin's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that Melvin's medical conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Even so, the section 3553(a) factors counsel against reducing Melvin's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Melvin is 47 years old and engaged in serious criminal conduct in 2007 and 2008. See PSR ¶¶ 6–9. Melvin distributed 131.5 grams of cocaine base (crack). See id. Moreover, Melvin has a deplorable and violent criminal record and has performed poorly on supervision. See id. ¶¶ 14–20. Melvin's convictions include possession of cocaine, possession of marijuana, possession with intent to manufacture, sell, and deliver marijuana (two counts), maintaining a vehicle for keeping controlled substances, possession of a weapon on school grounds, resisting and obstructing a police officer, possession with intent to manufacture, sell, and deliver heroin, possession with intent to manufacture, sell, and deliver cocaine, malicious wounding with a firearm (three counts), wanton endangerment, conspiracy to possess with the intent to distribute cocaine base (crack), cocaine powder, heroin, and marijuana, and using or carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting. See id. The last two convictions before Melvin's current federal conviction also were in federal court. Melvin received a 144-month sentence, which the court later reduced to 108 months. See id. ¶ 20. Melvin, however, learned nothing from his first trip to federal prison and promptly returned to drug dealing. Furthermore, although Melvin has taken

6

some positive steps while incarcerated on his latest federal conviction, he sustained disciplinary infractions for using drugs/alcohol, being unsanitary or untidy (two counts), using drugs/alcohol – marijuana, possessing drugs/alcohol – marijuana, possessing drugs/ alcohol – smoking pipe (two counts), and being absent from assignment. See [D.E. 67] 2.

The court has considered the entire record, Melvin's medical conditions, and his conduct while incarcerated. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the section 3553(a) factors, Melvin's arguments, Melvin's deplorable criminal history, Melvin's misconduct while incarcerated and the need to punish Melvin for his serious criminal behavior, to incapacitate Melvin, to promote respect for the law, to deter others, and to protect society, the court declines to grant Melvin's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Melvin's motion for compassionate release [D.E. 79].

SO ORDERED. This 10 day of June 2021.

JAMES C. DEVER III
United States District Judge

7